**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**THONG LE**                                                                                                          **PETITIONER**

**VS.**                                                                                **CIVIL ACTION NO. 1:07CV1128LG**

**CHRISTOPHER EPPS, Commissioner, Mississippi
Department of Corrections and JIM HOOD,
Attorney General, State of Mississippi**                         **RESPONDENTS**

## ORDER STAYING CASE

This matter came before the Court on Petitioner's Motion to Hold Petition in Abeyance Pending Exhaustion of Available State Court Remedies [44]. The basis for the Motion is Petitioner's pending petition for leave to file a successive post-conviction petition in state court. The petition seeks judicial review of claims of ineffectiveness of counsel. Those claims were raised in the habeas petition currently before this Court. Respondents maintain that one of the claims has already been exhausted in state court; however, they concede that the other claim is unexhausted. Respondents oppose staying this case, however, because claims brought in a petition for a successive writ are barred from review under state law. Miss. Code Ann. § 99-39-27(9) (1972 & Supp. 2012).

Respondent's assertion mirrors this Court's understanding of state law prior to the Mississippi Supreme Court's decision in *Grayson v. State*, No. 2012-DR-59, 2013 WL 1668981 (Miss. Apr. 18, 2013). In its opinion on that case, the court reviewed a successive post-conviction petition alleging ineffectiveness of post-conviction counsel, holding, "[T]oday we make clear that PCR petitioners who are under a sentence of death do have a right to the effective assistance of PCR counsel." *Id.*, 2013 WL 1668981 at *5. Grayson's conviction and sentence were affirmed on direct appeal in 2001, and his original post-conviction petition was denied in 2004. In making this

decision, the Mississippi Supreme Court has announced its intent to review claims of ineffectiveness of post-conviction counsel in successive petitions, years after the initial post-conviction petition was decided. This Court cannot say with any authority that there is a distinction between Blayde Grayson's case and Thong Le's case that would preclude review of Le's successive petition.

For all of these reasons, the Court is of the opinion that further proceedings in this case should be stayed pending the outcome of Le's case in the Mississippi Supreme Court. At that time, the Court will decide whether a briefing schedule should be set for submission of further arguments related to Le's habeas petition and enter any appropriate orders.

IT IS, THEREFORE, ORDERED that this matter is stayed until further order of this Court.

IT IS SO ORDERED, this the 9th day of July, 2013.

*s/Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE